

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK
### Manhattan Division

ALLIANZ GLOBAL CORPORATE &
SPECIALTY NA, formerly known as, ALLIANZ
INSURANCE COMPANY, AS SUBROGEE OF
DAIMLER CHRYSLER SERVICES NA,

Case No:

Plaintiff,

-against-

DOUGLAS L. SACKS,

Defendant.

_____/



Plaintiff, ALLIANZ GLOBAL CORPORATE & SPECIALTY NA by its attorneys, Buckley and Fudge, P.A., complaining of the above-named Defendant, alleges as follows:

### JURISDICTION AND VENUE

1.  Plaintiff, ALLIANZ GLOBAL CORPORATE & SPECIALTY NA., is a corporation organized under the laws of the State of California, with its principle place of business located at 2350 Empire Avenue, Burbank, California 91504-3350 (hereinafter referred to as "Plaintiff"), and is, thus, a citizen of California.

2.  Upon information and belief, Defendant, DOUGLAS L. SACKS, is a citizen of the State of New York, residing at 1111 Park Avenue, Apartment 2C, New York, New York 10128 (hereinafter referred to as "Defendant")

3.  This court has original jurisdiction under the provisions of 28 U.S.C. Section 1332(a)(1), in that there is complete diversity and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

4.      This court has proper venue of the action under the provisions of 28 U.S.C. Section 1391(a), since the events or omissions giving rise to the claim occurred in this judicial district.

## COUNT ONE – SUBROGATED INDEMNITY

5.      On or about, December 6, 2003, Defendant DOUGLAS L. SACKS executed a lease agreement with MERCEDES-BENZ CREDIT CORP. Upon execution of said agreement, Defendant had become the lessee of a 2004 Mercedes Benz. Through mergers, MERCEDES-BENZ CREDIT CORP. became one and the same as DCFS Trust, which was at relevant times the title owner and lessor of the subject leased vehicle.

6.      On or about, December 15, 2003, at about 8:50 a.m., Defendant was operating said 2004 Mercedes Benz, bearing license plate number LKK930, in the city of New York, where the Mercedes Benz was exiting a parking garage onto 90th Street in Manhattan.

7.      At the time and place stated in paragraph 6 above, a 2003 Ford, operated by a Toufiqu Iman, was driving on 90th Street, and was struck by the Defendant's leased vehicle.

8.      As a result of injuries allegedly sustained in the collision, Deborah A. Hagaman, a passenger in the 2003 Ford, filed and served a summons and complaint upon MERCEDES BENZ CREDIT CORP. and DCFS TRUST, in Supreme Court of the State of New York, County of New York, bearing index number 101974/05, alleging that she incurred serious injury, permanent in nature. The alleged injuries were, but not limited to, disk injuries at the L5-S1 level, resulting in surgery, and abdomen injuries.

9. The Plaintiff, ALLIANZ GLOBAL CORPORATE & SPECIALTY NA, paid $975,000.00, on behalf of DCFS, to settle the Hagaman suit. This settlement was fair and reasonable and the result of numerous court-ordered mediations. DCFS had unlimited vicarious liability for SACKS' negligent operation of the subject leased vehicle by reason of VTL §388.

10. Plaintiff insured DCFS and has both contractual and common law rights to be subrogated to the position of DCFS, the owner/lessor of the leased vehicle being operated by SACKS.

11. Thus, due to an indemnity provision in the above mentioned lease agreement executed by SACKS which states that SACKS agrees if "[the lessor] is subjected to any claims, losses, injuries, expenses, or costs related to the use, maintenance, or condition of the leased vehicle, SACKS will pay ALL of the resulting costs and expenses, including attorney's fees." Plaintiff, thus, seeks contractual indemnity for the amount it paid to settle the Hagaman suit, plus fees and costs.

12. Plaintiff's insured, the owner/lessor, was necessarily without fault with respect to the accident in which Hagaman was injured, and its liability was purely technical, derivative and vicarious by virtue of the relationship between it and SACKS. SACKS, on the other hand, was the actively negligent driver/operator of the subject vehicle. Plaintiff is, thus, entitled to common law indemnity against SACKS.

13. Accordingly, Plaintiff has suffered damages in the sum $975,000.00, in addition to reasonable attorney's fees and costs associated with the Hagaman suit and with the prosecution of the instant action.

14. Plaintiff has demanded this sum from SACKS but he has refused and rejected such demands.

15. All conditions precedent have been satisfied or waived.

WHEREFORE, Plaintiff demands a judgment against Defendant for the sum of $975,000.00, together with interests, costs, disbursements and the reasonable attorneys' fees of this and the underlying Hagaman actions.

Buckley & Fudge, P.A.

By: _____
Jill E. Sodafsky # JS 8564
Buckley and Fudge, PA
Attorneys for Plaintiff
225 Broadway, Suite 2600
New York, NY 10004
(212) 514-7400