John C. Canoni (jcanoni@kasowitz.com)
Joshua A. Siegel (jsiegel@kasowitz.com)
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
(212) 506-1700

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
ALLIANZ GLOBAL CORPORATE & SPECIALTY NA, :
formerly known as ALLIANZ INSURANCE COMPANY, : 08 CV 00563 (DC)
AS SUBROGEE OF DAIMLER CHRYSLER :
SERVICES NA, : **ANSWER**
:
Plaintiff, :
:
vs. :
:
DOUGLAS L. SACKS, :
:
Defendant. :
------------------------------------------------------------------x

  Defendant, DOUGLAS L. SACKS ("Defendant"), by and through his attorneys, Kasowitz, Benson, Torres & Friedman LLP, as and for his answer to the complaint of plaintiff, ALLIANZ GLOBAL CORPORATE & SPECIALTY NA, f/k/a ALLIANZ INSURANCE COMPANY, AS SUBROGEE OF DAIMLER CHRYSLER SERVICES NA ("Plaintiff"), alleges, upon information and belief, as follows:

  1.  Denies knowledge and information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph "1" of the complaint.

  2.  Denies the allegations contained in paragraph "2" of the complaint, except admits that Defendant is a citizen of the State of New York.

1

3. Denies the allegations contained in paragraph "3" of the complaint and respectfully refers all questions of law to the Court.

4. Denies the allegations contained in paragraph "4" of the complaint and respectfully refers all questions of law to the Court.

5. Denies knowledge and information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph "5" of the complaint except admits that Defendant executed a lease agreement in connection with the lease of a 2004 Mercedes-Benz automobile and respectfully refers the Court to the lease agreement, which speaks for itself.

6. Denies the allegations contained in paragraph "6" of the complaint, except admits that on or about December 15, 2003, Defendant was operating the 2004 Mercedes-Benz automobile and was exiting a parking garage on the south side of East 90th Street, between Madison and Park Avenues, in New York, New York.

7. Denies the allegations contained in paragraph "7" of the complaint, except admit that on or about December 15, 2003, a taxicab operated by Tofiqu Imam was traveling eastward on East 90th Street, between Madison and Park Avenues, in New York, New York, and separately avers that said taxicab was traveling at an excessive rate of speed and struck Defendant's vehicle.

8. Denies the allegations contained in paragraph "8" of the complaint, except admits that a summons and complaint was filed on behalf of Deborah A. Hagaman, and respectfully refers the Court to said documents, which speak for themselves.

9. Denies the allegations contained in paragraph "9" of the complaint, except admits that a settlement was reached in the Hagaman lawsuit, and separately avers that

$300,000 was paid on Defendant's behalf toward that settlement and that Plaintiff voluntarily paid $975,000.00 toward said settlement and otherwise respectfully refers all questions of law to the Court.

10. Denies knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph "10" of the complaint.

11. Denies the allegations contained in paragraph "11" of the complaint and respectfully the Court to the lease agreement, which speaks for itself.

12. Denies the allegations contained in paragraph "12" of the complaint.

13. Denies the allegations contained in paragraph "13" of the complaint.

14. Denies the allegations contained in paragraph "14" of the complaint.

15. Denies the allegations contained in paragraph "15" of the complaint as Plaintiff has failed to satisfy conditions precedent to its cause of action in that: (i) Plaintiff failed to obtain the consent of Defendant prior to voluntarily offering payment for which it now seeks recovery; (ii) no determination of liability has been made as to any act or omission attributable to Defendant, if any, for which Plaintiff could be entitled to recover; and (iii) the settlement agreed to by Plaintiff for which it seeks recovery against Defendant was neither fair nor reasonable.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

16. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

17. Plaintiff's claims are barred by the doctrine of laches.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

18. The complaint fails to join necessary and/or indispensable parties.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

19.    Plaintiff's claims are barred in whole or in part by its own intentional, deliberate and/or reckless conduct.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

20.    Plaintiff failed to perform its obligations, covenants and conditions precedent and subsequent and its claims are, therefore, barred.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

21.    Plaintiff's claims are barred in whole or in part by the exclusions, limits of liability and other terms and conditions and definitions contained in the lease agreement upon which Plaintiff predicates its cause of action.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

22.    Plaintiff failed to mitigate its damages, if any.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

23.    Plaintiff failed to give reasonably prompt notice of the matters alleged in the complaint as soon as practicable, or as soon as Plaintiff had knowledge that a claim was likely to arise, and such failure bars Plaintiff's recovery herein.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

24.    Any liability of Defendant for claims made against it such as those set forth in the complaint was not a risk contemplated by the parties to any agreement between the parties.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

25. Plaintiff's voluntary settlement of the underlying action was excessive and neither fair nor reasonable, thereby precluding any recovery from Defendant.

## AS AND FOR AN ELEVNTH AFFIRMATIVE DEFENSE

26. Plaintiff's claims are barred by the doctrine of unclean hands.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

27. Defendant is not liable to indemnify Plaintiff for any money which Plaintiff has paid voluntarily without the consent of Defendant.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

28. Persons or entities other than Defendant are wholly or partially responsible for the damages, if any, Plaintiff suffered.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

29. Plaintiff's claims are or may be barred in whole or in part by the doctrines of waiver and estoppel.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

30. Plaintiff has no standing to maintain the cause of action alleged in the complaint as no privity of contract existed between Plaintiff and Defendant.

**WHEREFORE**, Defendant, DOUGLAS L. SACKS, demands judgment dismissing the complaint together with reasonable costs and disbursements of this action including reasonable attorneys' fees and for such other and further relief as this Court deems just and proper.

Dated:    New York, New York
April 11, 2008

                                        Kasowitz, Benson, Torres &
                                                  Friedman LLP

By:    /s/ John C. Canoni
          John C. Canoni, Esq.
          Joshua A. Siegel, Esq.
          Attorneys for Defendant
          DOUGLAS L. SACKS
          1633 Broadway
          New York, New York 10019
          (212) 506-1700