John C. Canoni (jcanoni@kasowitz.com)
Joshua A. Siegel (jsiegel@kasowitz.com)
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
(212) 506-1700

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
ALLIANZ GLOBAL CORPORATE & SPECIALTY NA,  :
formerly known as ALLIANZ INSURANCE COMPANY, :    08 CV 00563 (DC)
AS SUBROGEE OF DAIMLER CHRYSLER           :
SERVICES NA,                              :    **AMENDED
                                               ANSWER AND
                                          :    DEMAND FOR
                      Plaintiff,          :    JURY TRIAL**
                                          :
         vs.                              :
                                          :
DOUGLAS L. SACKS,                         :
                                          :
                      Defendant.          :
-----------------------------------------------------------------x

Defendant, DOUGLAS L. SACKS ("Defendant"), by and through his attorneys, Kasowitz, Benson, Torres & Friedman LLP, as and for his amended answer to the complaint of plaintiff, ALLIANZ GLOBAL CORPORATE & SPECIALTY NA, f/k/a ALLIANZ INSURANCE COMPANY, AS SUBROGEE OF DAIMLER CHRYSLER SERVICES NA ("Plaintiff"), alleges, upon information and belief, as follows:

1. Denies knowledge and information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph "1" of the complaint.

2. Denies the allegations contained in paragraph "2" of the complaint, except admits that Defendant is a citizen of the State of New York.

1

3. Denies the allegations contained in paragraph "3" of the complaint and respectfully refers all questions of law to the Court.

4. Denies the allegations contained in paragraph "4" of the complaint and respectfully refers all questions of law to the Court.

5. Denies knowledge and information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph "5" of the complaint except admits that Defendant executed a lease agreement in connection with the lease of a 2004 Mercedes-Benz automobile and respectfully refers the Court to the lease agreement, which speaks for itself.

6. Denies the allegations contained in paragraph "6" of the complaint, except admits that on or about December 15, 2003, Defendant was operating the 2004 Mercedes-Benz automobile and was exiting a parking garage on the south side of East 90th Street, between Madison and Park Avenues, in New York, New York.

7. Denies the allegations contained in paragraph "7" of the complaint, except admit that on or about December 15, 2003, a taxicab operated by Tofiqu Imam was traveling eastward on East 90th Street, between Madison and Park Avenues, in New York, New York, and separately avers that said taxicab was traveling at an excessive rate of speed and struck Defendant's vehicle.

8. Denies the allegations contained in paragraph "8" of the complaint, except admits that a summons and complaint was filed on behalf of Deborah A. Hagaman, and respectfully refers the Court to said documents, which speak for themselves.

9. Denies the allegations contained in paragraph "9" of the complaint, except admits that a settlement was reached in the Hagaman lawsuit, and separately avers that

$300,000 was paid on Defendant's behalf toward that settlement and that Plaintiff voluntarily paid $975,000.00 toward said settlement and otherwise respectfully refers all questions of law to the Court.

10. Denies knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph "10" of the complaint.

11. Denies the allegations contained in paragraph "11" of the complaint and respectfully the Court to the lease agreement, which speaks for itself.

12. Denies the allegations contained in paragraph "12" of the complaint.

13. Denies the allegations contained in paragraph "13" of the complaint.

14. Denies the allegations contained in paragraph "14" of the complaint.

15. Denies the allegations contained in paragraph "15" of the complaint as Plaintiff has failed to satisfy conditions precedent to its cause of action in that: (i) Plaintiff failed to obtain the consent of Defendant prior to voluntarily offering payment for which it now seeks recovery; (ii) no determination of liability has been made as to any act or omission attributable to Defendant, if any, for which Plaintiff could be entitled to recover; and (iii) the settlement agreed to by Plaintiff for which it seeks recovery against Defendant was neither fair nor reasonable.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

16. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

17. Plaintiff's claims are barred by the doctrine of laches.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

18. The complaint fails to join necessary and/or indispensable parties.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

19. Plaintiff's claims are barred in whole or in part by its own intentional, deliberate and/or reckless conduct.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

20. Plaintiff failed to perform its obligations, covenants and conditions precedent and subsequent and its claims are, therefore, barred.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

21. Plaintiff's claims are barred in whole or in part by the exclusions, limits of liability and other terms and conditions and definitions contained in the lease agreement upon which Plaintiff predicates its cause of action.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

22. Plaintiff failed to mitigate its damages, if any.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

23. Plaintiff failed to give reasonably prompt notice of the matters alleged in the complaint as soon as practicable, or as soon as Plaintiff had knowledge that a claim was likely to arise, and such failure bars Plaintiff's recovery herein.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

24. Any liability of Defendant for claims made against it such as those set forth in the complaint was not a risk contemplated by the parties to any agreement between the parties.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

25. Plaintiff's voluntary settlement of the underlying action was excessive and neither fair nor reasonable, thereby precluding any recovery from Defendant.

### AS AND FOR AN ELEVNTH AFFIRMATIVE DEFENSE

26. Plaintiff's claims are barred by the doctrine of unclean hands.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

27. Defendant is not liable to indemnify Plaintiff for any money which Plaintiff has paid voluntarily without the consent of Defendant.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

28. Persons or entities other than Defendant are wholly or partially responsible for the damages, if any, Plaintiff suffered.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

29. Plaintiff's claims are or may be barred in whole or in part by the doctrines of waiver and estoppel.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

30. Plaintiff has no standing to maintain the cause of action alleged in the complaint as no privity of contract existed between Plaintiff and Defendant.

### DEMAND FOR JURY TRIAL

31. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant hereby demands a trial by jury on all issues so triable.

**WHEREFORE**, Defendant, DOUGLAS L. SACKS, demands judgment dismissing the complaint together with reasonable costs and disbursements of this action including reasonable attorneys' fees and for such other and further relief as this Court deems just and proper.

Dated:   New York, New York
         April 30, 2008

                                        Kasowitz, Benson, Torres &
                                        Friedman LLP

                                  By: _____
                                        Joshua A. Siegel (jsiegel@kasowitz.com)
                                        John C. Canoni (jcanoni@kasowitz.com)
                                        Attorneys for Defendant
                                        DOUGLAS L. SACKS
                                        1633 Broadway
                                        New York, New York 10019
                                        (212) 506-1700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ALLIANZ GLOBAL CORPORATE & SPECIALTY NA,
formerly known as ALLIANZ INSURANCE COMPANY,
AS SUBROGEE OF DAIMLER CHRYSLER
SERVICES NA,

                                    Plaintiff,

            - against -                              08 CV 00563 (DC)

DOUGLAS L. SACKS,                         AFFIDAVIT OF SERVICE

                                    Defendant.
-----------------------------------------------------------x

STATE OF NEW YORK    )
                              : ss.:
COUNTY OF NEW YORK  )

      **MELISA DANHO**, being duly sworn, deposes and says that she is employed by Kasowitz, Benson, Torres & Friedman LLP, attorneys for defendants herein, she is over the age of eighteen years and he is not a party to the within action.

      On the **30th day of April, 2008**, deponent served a true copy of the within **Amended Answer And Demand For Jury Trial** by depositing same in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York, contained in a securely sealed postpaid wrapper addressed to defendant's attorneys

                            Buckley & Fudge, PA
                            26 Broadway, Suite 707
                            New York, New York 10004

this being the address designated by said attorneys for that purpose upon the preceding papers in this action.

                                                         Melisa Danho

Sworn to before me this
30 day of April, 2008.

_____
Notary Public

JOSHUA SIEGEL
Notary Public, State Of New York
No. 02SI6069837
Qualified In New York County
Commission Expires 02-11-20    7/10/10